■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL TEJEDA, Appellant.—Judgment of the Supreme Court, New York County (Joan Carey, J.), rendered on February 9, 1988, convicting defendant, after a trial by jury, of robbery in the first and second degrees and assault in the second degree and sentencing him, as a predicate violent felony offender, to concurrent indeterminate terms of imprisonment of from 6 to 12 years, 4 to 8 years, and 2½ to 5 years, respectively, unanimously affirmed.

In the course of robbing the complainant of his money and jewelry, the defendant struck the complainant on the forehead with the barrel of a pistol. The complainant did not seek

medical attention, but rather treated the bleeding with a home remedy of alcohol and coffee. The blow caused the complainant to sustain a wishbone-shaped scar about one-half inch in diameter, which the complainant stated had not changed appreciably in the five-month period between the robbery and the trial.

The main question presented is whether the complainant sustained "physical injury", which is an element of the crimes of robbery in the second degree (Penal Law § 160.10 [2] [a]) and assault in the second degree (Penal Law § 120.05 [2]). "Physical injury", as defined in Penal Law § 10.00 (9), means "impairment of physical condition or substantial pain." Since the complainant did not testify that he suffered substantial pain, we must determine whether the injury and resulting scar are so minor that they may not be deemed to constitute "impairment of physical condition" as a matter of law. In view of our analysis of this issue, we need not address whether the injury sustained by the complainant was such as to warrant a finding by the jury of substantial pain in the absence of his direct testimony (compare, People v Rojas, 61 NY2d 726, permitting such an inference where a bullet caused a 1½-inch laceration in the victim's back).

Although no particular degree of physical impairment is required to constitute "physical injury" (People v McDowell, 28 NY2d 373), it was the intent of the revisors of the Penal Law that " 'petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" would not be encompassed within the definition (Matter of Philip A., 49 NY2d 198, 200). Clearly, striking a victim on the head with the barrel of a gun in the course of a robbery, and causing a visible scar, does not come within the compass of a petty slap, shove or kick. Whereas serious and protracted disfigurement constitutes "serious physical injury" pursuant to Penal Law § 10.00 (10), the protracted visible scar resulting from defendant striking the complainant on the forehead may logically have been deemed by a jury to establish physical injury which is less than "serious", but not so unsubstantial as a petty slap, shove or kick (see, People v Rojas, supra).

The defendant's claim that the prosecutor's summation comments constituted reversible error is not preserved for appellate review. We find no basis, after examining these remarks in the context of the defense summation, to address this issue in the interest of justice. Finally, we find no merit to defendant's argument in his pro se brief that the Trial Justice abused her discretion in rejecting the proposed testimony of a

character witness. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.