■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JAIME, Also Known as DAIEL JAMIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered February 27, 1989, convicting him of criminal possession of stolen property in the fourth degree, criminal possession of a hypodermic instrument, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On May 15, 1988, at approximately 11:00 P.M., Police Officer Timothy Courtney observed the defendant sitting in a car parked near the Larchmont train station. He observed steam coming from the radiator and approached the vehicle to see if the defendant needed assistance. Courtney observed that the defendant's eyes were glassy and that his speech was slow. On the basis of these observations, Officer Courtney asked the defendant for his license and registration. The defendant was unable to produce the registration. Courtney ascertained that the car had been stolen, and placed the defendant under arrest. A search of the vehicle uncovered a hypodermic needle, syringe, bottle caps and a crack vial. The defendant raises on appeal the hearing court's denial of that branch of his omnibus motion which was to suppress the evidence that was seized from the car.

The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the stolen vehicle and therefore he lacks standing to challenge the validity of the search (see, People v Vargas, 140 AD2d 472, 473; see also, People v Ponder, 54 NY2d 160). In any event, Officer Courtney was clearly justified in approaching the car to see if the defendant needed assistance, and in subsequently placing the defendant under arrest after learning that the car had been stolen (see, People v Heston, 152 AD2d 999; People v Harrison, 57 NY2d 470; People v De Bour, 40 NY2d 210). As there was probable cause to arrest the defendant, the search of the car was valid under the automobile exception to the warrant requirement (see, People v Belton, 55 NY2d 49).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.