■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered June 3, 1988, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him, as a predicate violent felon, to an indeterminate prison term of from 10 years to life, unanimously affirmed.

Contrary to defendant's argument, sufficient evidence was adduced at trial to support the conclusion that defendant, while robbing the complainant, caused her physical injury. Complainant was punched, scratched, held in a choke hold and thrown against a wall, resulting in bleeding from some of her wounds. In addition, as a consequence of the attack, the complainant suffered a permanent scar below her left eye. The scar alone was impairment sufficient to constitute physical injury *(see,* Penal Law § 10.00; *People v Tejeda,* 165 AD2d 683).

Defendant was not denied a fair trial when the court declined to submit the lesser charge of petit larceny to the jury. There is no reasonable view of the facts from which one could conclude that only the lesser offense was committed *(see, People v Glover,* 57 NY2d 61). Based upon this evidence, it would be unreasonable to conclude that defendant intended solely to assault the complainant and not rob her.

Defendant also argues that he was denied a fair trial because the Trial Judge failed to inquire whether a juror, who appeared to defense counsel to have been sleeping, had missed any of the testimony, and was therefore, grossly unqualified to serve (CPL 270.35). This argument, raised for the first time on appeal, is unpreserved (CPL 470.05 [2]). Defense counsel did not request an *in camera* interview with the juror, nor did he object to the Trial Judge's apparent inquiry by means of personally observing the jurors *(see generally, People v Brown,* 160 AD2d 172, *lv denied* 76 NY2d 785). Concur—Milonas, J. P., Rubin, Asch, Kassal and Smith, JJ.