THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD WALKER, Appellant. [597 NYS2d 120] —Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered June 1, 1990, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, criminal possession of a hypodermic instrument, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The arresting officers, who had received a radio transmission advising them of a burglary in progress at an apartment building, proceeded to the building, and there observed the defendant, wearing black gloves despite the warm weather, carrying a large suitcase as he descended the stairs from the fourth floor of the building. Upon confronting one of the officers, the defendant stated that he was visiting his sister, although he declined to answer the officer's questions concerning his sister's name and apartment number. Another officer knew the defendant and was aware that his sister actually lived on the first floor. The defendant, who had been detained after declining to respond to the inquiries concerning his sister, was then subjected to a pat-down frisk, which produced an electric screwdriver. A further search of the defendant's person uncovered, among other things, a crack cocaine pipe, another screwdriver, a hypodermic syringe, and a key which opened the door of the apartment that had been burglarized. Upon searching the suitcase that the defendant had been carrying, the officers discovered that it contained property taken from the burglarized apartment.

Contrary to the defendant's contentions, the radio transmission providing the location of the burglary, coupled with the officers' observations and the defendant's conduct at the scene, gave rise to a reasonable suspicion that a crime had been committed, entitling the officers to lawfully detain the defendant (see, CPL 140.50 [1]; People v Martinez, 80 NY2d 444; People v Leung, 68 NY2d 734; People v De Bour, 40 NY2d 210). The discovery of the electric screwdriver, recovered after the officers permissibly conducted a protective pat-down search (see, CPL 140.50 [3]; People v Chestnut, 51 NY2d 14, 20), was sufficient to escalate the existing reasonable suspicion to probable cause (see, People v Johnson, 66 NY2d 398, 402;

*People v Perry,* 133 AD2d 380, *affd* 71 NY2d 871; *see also, People v Diaz,* 81 NY2d 106).

Further, the court properly declined to suppress the contents of the suitcase which the defendant was carrying. The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the suitcase, which was stolen, and therefore lacked standing to challenge the validity of the search *(see, People v Jaime,* 171 AD2d 884; *People v Metz,* 168 AD2d 515; *People v Vargas,* 140 AD2d 472; *People v Gittens,* 110 AD2d 908).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.