■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WILLIAMS, Appellant. [619 NYS2d 772] —Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered June 8, 1993, convicting him of burglary in the third degree, petit larceny, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and possession of burglars tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branches of the defendant's omnibus motion which were to suppress physical evidence and the defendant's statements to the police.

Ordered that the judgment is affirmed.

On Sunday, March 29, 1992, at approximately 8:55 A.M., two police officers arrived at a City of Yonkers office building within minutes of receiving a radio transmission advising them that a sound-activated burglar alarm had picked up noises inside of the building. Upon their arrival, the officers observed the defendant in the building's driveway, walking away from an entrance, carrying a typewriter. The officers approached the defendant and asked him to put the typewriter down. They then asked him where he had obtained it. The defendant replied that the typewriter was his and that he

was taking it to be repaired, even though the office building was closed at the time.

As the defendant put the typewriter down, one of the officers noticed a sticker affixed to it that read: "Property of the City of Yonkers." After hearing the defendant's explanation of his conduct, and upon observing the City of Yonkers property tag, the officers placed the defendant under arrest and conducted a brief pat-down, which produced a screwdriver and a glove. The defendant subsequently admitted that he had broken into the building and stolen the typewriter. The hearing court denied the branches of the defendant's omnibus motion which were to suppress the typewriter, the screwdriver, the glove and the defendant's statements to the police, concluding, *inter alia*, that the officers had possessed probable cause to arrest the defendant. We affirm.

Contrary to the defendant's contention, the arresting officers' actions were reasonable, lawful responses to the precipitating and attendant conditions known to them as the encounter unfolded *(People v Leung, 68 NY2d 734, 736).* In light of the radio transmission advising the officers that a burglar alarm had just been triggered, and upon observing the defendant in the driveway of the closed office building with a typewriter, the officers permissibly approached the defendant and sought information from him with regard to his possession of the typewriter *(People v Reyes, 83 NY2d 945; People v Gibson, 194 AD2d 623; People v Walker, 192 AD2d 734).* The defendant's implausible explanation of his conduct *(People v Gibson, supra)* and his possession of property that was labeled as belonging to the occupant of the premises from which a burglar alarm had originated only minutes earlier escalated the predicate of suspicion to that of probable cause to believe that the defendant had committed a crime. The officers' subsequent recovery of the screwdriver and the glove was permissible as a search incident to a lawful arrest *(see, People v Butler, 203 AD2d 584).*

The defendant's remaining contention is without merit. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.