■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BRADSHAW, Appellant. [636 NYS2d 844] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered July 12, 1994, convicting him of robbery in the third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The judgment of conviction appealed from arose out of an incident, witnessed by Police Officer Arthur Magnotti, in which the defendant snatched chains from around the neck of the complainant. Both Magnotti and the complainant testified at trial, identifying the defendant as the perpetrator of the robbery. The complainant testified to her out-of-court identification of the defendant, which was made at the scene of his arrest. The defendant testified that, while he was present at the scene of the crime, he was not the man who committed the robbery.

It is undisputed that the People did not provide the defense with notice, pursuant to CPL 710.30, that the complainant would testify to her out-of-court identification of the defendant. The defendant argues that the trial court should have precluded the complainant's testimony or should have directed a hearing to determine whether the CPL 710.30 notice was necessary.

We note that Officer Magnotti, who witnessed the crime and never lost sight of the defendant between the time of the robbery and the time of his arrest, testified as to what he saw and identified the defendant at trial as the perpetrator. This testimony, combined with the testimony of the complainant

other than that concerning the out-of-court identification, provided overwhelming proof of the defendant's guilt. Under these circumstances, the failure of the trial court to preclude the complainant's testimony concerning her out-of-court identification or to direct a hearing constituted harmless error *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Winslow,* 213 AD2d 435; *People v Godbolt,* 209 AD2d 540, 541).

The defendant also argues that the trial court erred in not allowing the defense counsel to refer, in summation, to the fact that Magnotti's partner did not testify. The record indicates that Magnotti's partner did not witness the crime and, therefore, had no material testimony to offer as to the identity of the perpetrator *(see, People v Tankleff,* 84 NY2d 992). In addition, the People made this potential witness available to the defense, but the defense declined to interview him or to call him to the witness stand. Under these circumstances, the defense was not entitled to make the proposed remarks during summation. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.