■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS HAIRSTON, Appellant. [640 NYS2d 589] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered November 25, 1992, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that the County Court committed reversible error by its failure to charge the jury on the defense of justification contained in Penal Law § 35.15. However, no reasonable view of the evidence could support this defense (*see, People v Goetz,* 68 NY2d 96). Accordingly, the defendant's claim is without merit.

The defendant contends that the court erred in limiting testimony concerning prior violent acts involving third persons who were present at the scene of the crime. The defendant did not make a sufficient showing that he had been present at or otherwise knew of the alleged acts of violence prior to the shooting herein. Therefore, the court did not improperly exercise its discretion in determining that the proffered testimony was not relevant (*see, People v Miller,* 39 NY2d 543).

The sentence imposed was neither harsh nor excessive under the circumstances (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see, People v Bynum,* 70 NY2d 858) or without merit. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.