■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MOORE, Also Known as DANIEL HERRAR, Appellant. [647 NYS2d 239] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 26, 1994, convicting him of robbery in the first degree (eight counts), robbery in the second degree (four counts), criminal possession of a weapon in the second degree (four counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly determined that the People's explanations for their peremptory challenges were not pretextual. Under the third step of the *Batson* analysis, the trial court is required to "undertake 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available' " (*Batson v Kentucky,* 476 US 79, 93, quoting *Arlington Hgts. v Metropolitan Hous. Dev. Corp.,* 429 US 252, 266), and to weigh all relevant facts and circumstances to determine if the

racially neutral explanation offered in support of the challenge constitutes the actual ground for the challenge or is merely a pretext offered in an effort to conceal a racially discriminatory intent (*see, People v Hernandez,* 75 NY2d 350, 359-360, *affd* 500 US 352). The defense insisted that the explanations offered were pretextual, *inter alia,* because the jurors indicated that they could remain neutral and impartial. The defendant's argument, better suited against a challenge for cause, failed to satisfy the defense's burden of establishing that the People's explanations were mere pretext for racial or gender discrimination (*see generally, People v Richie,* 217 AD2d 84).

The court properly limited the defendant's cross-examination of the People's witnesses concerning an unrelated narcotics conviction arising from an incident within the bodega which occurred approximately one month after the instant robbery, as it was not relevant to the issue of whether the defendant participated in this robbery (*see, People v Miller,* 39 NY2d 543; *People v Hairston,* 226 AD2d 393).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.