■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASHIRI MALIK'EL, Appellant. [652 NYS2d 50] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered October 13, 1994, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction of attempted murder should be reversed because the prosecution failed to prove that he intended to kill the complainant when he fired several shots into the complainant's vehicle at close range. However, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Furthermore, we reject the defendant's claim that the prosecutor improperly exercised his peremptory challenges to exclude prospective black jurors in violation of *Batson v Kentucky* (476 US 79). After the defense objected to the prosecutor's use of peremptory challenges to exclude black jurors, the prosecutor offered race-neutral explanations for his challenges. At that point, the court was required to undertake " 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available' " (*Batson v Kentucky, supra*, at 93),

to determine whether the facially neutral explanations offered by the prosecutor were legitimate and not a mere pretext for discrimination (*see, J.E.B. v Alabama ex rel. T.B.*, 511 US 127; *People v Allen*, 86 NY2d 101). Here, after conducting such an inquiry and weighing the relevant facts and circumstances, the court properly determined that the reasons advanced by the prosecutor for his challenges to the three jurors in question were not pretextual (*see, People v Moore*, 231 AD2d 532; *People v Feliciano*, 228 AD2d 519; *People v Craig*, 194 AD2d 687; *cf., People v Richie*, 217 AD2d 84).

The sentence imposed was neither unduly harsh nor excessive (*see, People v Delgado*, 80 NY2d 780).

The defendant's remaining contention is without merit. Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.