■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GILES, True Name ALVIN GILES, Appellant. [655 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered March 9, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he was the shooter or that he possessed a gun. He argues that the jury should not have believed the testimony of the two witnesses who identified him because one of them was implicated in the crime, and the other was the sister of the first, who was covering up for him. However, the defendant's motion to dismiss was not specific enough to preserve this issue for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858;

*People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see,* CPL 470.15 [5]). The record demonstrates that the two eyewitnesses knew the defendant and had ample opportunity to observe him on the night of the crime. Their testimony is further corroborated by other witnesses at the scene, one of whom was threatened by the defendant to remain silent.

The trial court properly determined that the People's explanations for their peremptory challenges were not pretextual. Under the third step of the *Batson* analysis, the trial court is required to "undertake 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available' " (*Batson v Kentucky,* 476 US 79, 93, quoting *Arlington Hgts. v Metropolitan Hous. Dev. Corp.,* 429 US 252, 266), and to weigh all the relevant facts in determining whether the racially-neutral explanation offered in support of the challenge is the actual ground for the challenge, or is merely a pretext to conceal a racially-discriminatory intent (*see, People v Hernandez,* 75 NY2d 350, 359-360, *affd* 500 US 352; *People v Moore,* 231 AD2d 532). The defendant failed to establish that the People's explanations were mere pretext for racial or gender discrimination (*see generally, People v Richie,* 217 AD2d 84).

The sentence imposed is neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.