■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS L. PETERKIN, Appellant. [667 NYS2d 559] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Because the People failed to give defendant notice of their intention to offer evidence of complainant's identification of defendant at a showup held shortly after the crime (see, CPL 710.30 [1]), that

evidence should not have been admitted. Contrary to the contention of the People, the identification of defendant by the complainant was not confirmatory (*see, People v Rodriguez*, 79 NY2d 445, 449-450; *People v Newball*, 76 NY2d 587, 591; *see also, People v Dixon*, 85 NY2d 218, 223-224). The error does not require reversal, however, because the proof of defendant's guilt is overwhelming, and there is no significant probability that the error might have contributed to defendant's conviction. Thus, the error is harmless beyond a reasonable doubt (*see, People v Crimmins*, 36 NY2d 230, 242; *People v Bradshaw*, 223 AD2d 651, 652, *lv denied* 88 NY2d 876; *People v Manson*, 176 AD2d 294, 295, *lv denied* 79 NY2d 860).

Defendant failed to preserve for our review his contention that his conviction of grand larceny in the fourth degree (Penal Law § 155.30 [4]) is not supported by legally sufficient evidence (*see, People v Gray*, 86 NY2d 10, 19; *People v Lawrence*, 85 NY2d 1002, 1004). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The evidence is not legally sufficient to establish defendant's guilt of menacing in the third degree (Penal Law § 120.15). After a co-worker of complainant cornered defendant, defendant raised a pen and said, "I'll stab you man." Such conduct is not sufficient to establish that defendant "intentionally place[d] or attempt[ed] to place [the co-worker] in fear of death, imminent serious physical injury or physical injury" (Penal Law § 120.15). The co-worker did not testify that he was in fear of death or injury, and his response, grabbing defendant and wrestling him to the floor, shows otherwise.

We therefore reverse defendant's conviction of menacing in the third degree under the eighth count of the indictment, vacate the sentence imposed thereon and dismiss that count of the indictment. (Appeal from Judgment of Jefferson County Court, Clary, J.—Grand Larceny, 4th Degree.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.