■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED JACKSON, Appellant. [670 NYS2d 781] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered February 18, 1993, convicting him of assault in the second degree and disorderly conduct, upon a jury verdict, and imposing sentence. By decision and order of this Court dated March 25, 1996, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion to dismiss the indictment on the ground that he was denied the right to a

speedy trial (*see, People v Jackson,* 225 AD2d 794). The Supreme Court, Kings County, has conducted a hearing and filed its report with this Court. Justice Rosenblatt has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

We concur in the findings of the Supreme Court that the defendant's statutory right to a speedy trial (*see,* CPL 30.30) was not violated.

The defendant was arraigned upon a felony complaint on September 18, 1990, and therefore the People had to be ready for trial within six months of that date (*see, People v Sinistaj,* 67 NY2d 236, 239; *see also, People v Durette,* 222 AD2d 692), a period here amounting to 181 days. The People's first unambiguous, affirmative representation of trial readiness did not occur until May 26, 1992 (*see generally, People v Kendzia,* 64 NY2d 331). Nevertheless, upon deducting from the 181 days the delay resulting from the defendant's and the codefendants' pretrial motions, delay to which the defendant or his codefendants consented, delay caused by continuances requested by the defense, and the periods of time during which a defendant was without counsel through no fault of the court (*see,* CPL 30.30 [4]), only 163 days of the period from September 18, 1990, to May 26, 1992, are chargeable to the People. Therefore, they were ready within the time limit of the statute. Further, we find no post-readiness delay chargeable to the People (*see, People v Anderson,* 66 NY2d 529; *People v Caussade,* 162 AD2d 4, 8-9). Accordingly, the defendant's speedy trial motion was properly denied.

The defendant's claim that the evidence was not legally sufficient to support his conviction is not preserved for appellate review (*see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

With regard to the defendant's *Batson* claim (*Batson v Kentucky,* 476 US 79), we find no basis to conclude that the People's peremptory challenges of four black potential jurors were exercised in a racially-discriminatory manner (*see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Rosenblatt, J. P., Miller, Friedmann and Florio, JJ., concur.