■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DOUGLAS, Appellant. [679 NYS2d 147] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 6, 1996, convicting him of burglary in the second degree, attempted burglary in the second degree, criminal possession of stolen property in the fourth degree, criminal mischief in the fourth degree (two counts), and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing (Finnegan, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made by him to police.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his specific contention that the police did not have a reasonable suspicion to stop him because the radio-transmitted description of the perpetrator was too general (*see,* CPL 470.05 [2]; *People v Carmona,* 172 AD2d 151). In any event, the police had reasonable suspicion to stop the defendant based on the totality of the circumstances, including a radio transmission providing a general description of the perpetrator and the location of the burglary, the defendant's presence at the scene of the crime carrying a large suitcase, the short passage of time between a telephone call to the 911 emergency number and the defendant's presence at the location of the crime, and the arresting officer's observation of the defendant, who matched the radio-transmitted description (*see, People v Johnson,* 244 AD2d 573; *People v Wilson,* 225 AD2d 568; *People v Ellison,* 222 AD2d 693; *People v Jones,* 214 AD2d 683). The frisk of the defendant was justified, as the arresting officer reasonably suspected that he was in danger of physical injury (*see,* CPL 140.50 [3]; *People v Saunders,* 180 AD2d 542).

Contrary to the defendant's contention raised in his supplemental *pro se* brief, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree and criminal possession of stolen property in the fourth degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence with respect to the conviction of burglary in the second degree was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved

for appellate review or without merit. Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.