■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA SANCHEZ, Appellant. [688 NYS2d 511] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 20, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, criminal possession of a weapon in the third degree and criminally using drug paraphernalia in the second degree, and sentencing her, as a second felony offender, to concurrent terms of 6½ to 13 years, 4 to 8 years, 3 years and 1 year, respectively, unanimously affirmed.

Defendant's *Batson* claim was properly rejected. Since the prosecutor disclosed the race-neutral reasons for her peremptory challenges to the two prospective jurors in question, to wit, that they were whispering and laughing instead of paying attention to the proceedings, whereupon the court listened to defense counsel's arguments as to why these reasons were merely pretext for discrimination and then denied the *Batson* challenge, the court's ruling must be understood as a determination that the reasons proffered by the prosecutor for the challenges were not pretextual (*People v Pena*, 251 AD2d 26, *lv denied* 92 NY2d 929). We see no reason to disturb that determination. The court's prior denial of the prosecutor's challenges for cause to these prospective jurors, made on the same grounds as subsequently provided for the peremptory challenges, does not undermine the court's finding of nonpretextuality because a nonpretextual reason need not rise to the level of a challenge for cause (*People v Hernandez*, 75 NY2d 350, 357, *affd* 500 US 352).

By making only general objections, defendant has failed to preserve her contention that the court erred in admitting into evidence a report from the New York City Criminal Justice Agency as a business record, where the report contained some

inadmissible matter, and we decline to review it in the interest of justice. Were we to review this claim, we would find that although the challenged portions of the record should not have been admitted (CPLR 4518 [a]), the error was harmless (*see, People v Edmonds*, 251 AD2d 197, *lv denied* 92 NY2d 924).

Defendant never requested a charge on circumstantial evidence and acceded to the court's stated inclination not to provide such charge. Accordingly, she has failed to preserve her contention that the court erred in failing to instruct the jury on circumstantial evidence and we decline to review it in the interest of justice. Were we to review this claim, we would find that such charge should have been provided, but that the absence of such charge was harmless (*People v Brian*, 84 NY2d 887). Concur—Rosenberger, J. P., Nardelli, Williams and Andrias, JJ.