■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GANDHI GUZMAN, Appellant. [702 NYS2d 83] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered April 9, 1992, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order of this Court dated June 29, 1998, the matter was remitted to the Supreme Court, Queens County, to hear and report on the issue of the prosecutor's exercise of peremptory challenges against black potential jurors, and the appeal was held in abeyance in the interim (see, People v Guzman, 251 AD2d 680). The Supreme Court has filed its report.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly found that the prosecutor's race-neutral explanations for excluding black potential jurors were not pretextual (see, Hernandez v New York, 500 US 352, 353). Under the third step of the Batson analysis, the Supreme Court must "undertake 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available' " (Batson v Kentucky, 476 US 79, 93, quoting Arlington Hgts. v Metropolitan Hous. Dev. Corp., 427 US 252, 266), to determine whether the facially-neutral explanations offered by the prosecutor are legitimate and not a mere pretext for discrimination (see, Hernandez v New York, supra, at 359-360; People v Giles, 237 AD2d 374; People v Malik'El, 234 AD2d 566). Here, after conducting such an inquiry at the hearing held upon the remittitur, and weighing the relevant facts and circumstances, the Supreme Court found that the defendant had not sustained his burden of demonstrating that the disputed challenges were the product of purposeful discrimination (see, People v Payne, 88 NY2d 172, 181; People v Queen, 258 AD2d 480). The record supports the determination of the Supreme Court, and we decline to disturb it (see, People v Jackson, 249 AD2d 415; People v McDougle, 230 AD2d 808).

We reject the defendant's contention that reversal is warranted because the People's CPL 710.30 notice failed to clearly advise him that a certain eyewitness had identified him from a photo array. The defendant in effect moved at the Wade hearing to suppress the prospective identification testimony of this eyewitness, and the Supreme Court conducted a full hearing on the fairness of the photo array from which both the eyewitness and another eyewitness, who was the subject of the People's CPL 710.30 notice, identified the defendant. Under these circumstances, the People's failure to provide notice can

be excused (*see, People v Kirkland,* 89 NY2d 903; *People v Berry,* 242 AD2d 540; *People v Fuentes,* 240 AD2d 511). In any event, even if the Supreme Court's failure to preclude that eyewitness's in-court identification could be considered error, it was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Evans,* 256 AD2d 520; *People v Bradshaw,* 223 AD2d 651; *People v Winslow,* 213 AD2d 435).

The defendant's remaining contentions are unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Krausman and Schmidt, JJ., concur.