■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ALLEN, Appellant. [717 NYS2d 312] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered January 7, 1999, convicting him of burglary in the second degree (two counts), criminal possession of stolen property in the fifth degree, possession of

burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lange, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of the physical evidence which was in his possession when he was stopped by police detectives, and the statements he made to those detectives. The detectives stopped the defendant after receiving a radio transmission describing a prowler who had been observed in the backyard of a private residence holding a shopping bag and a so-called "boom box" radio. The defendant matched the description of the prowler, was carrying a boom box radio and a black plastic bag, and was in close proximity to both the residence where the prowler had been sighted, and a second residence where a burglary also had just occurred. The totality of the circumstances gave rise to a reasonable suspicion that a crime had been committed, entitling the officers to lawfully stop and detain the defendant (*see, People v Martinez,* 80 NY2d 444; *People v Leung,* 68 NY2d 734; *People v Douglas,* 254 AD2d 367; *People v Johnson,* 244 AD2d 573; *People v Walker,* 192 AD2d 734). The discovery of the needle-nose pliers, after the officers permissibly conducted a protective pat-down search (*see, People v Chestnut,* 51 NY2d 14, 20), escalated the existing reasonable suspicion to probable cause for the defendant's arrest (*see, People v Johnson,* 66 NY2d 398, 402; *People v Walker, supra*).

Furthermore, there is no merit to the defendant's contention that the prosecutor exercised peremptory challenges against three prospective black jurors in a racially-discriminatory manner, in violation *of Batson v Kentucky* (476 US 79). After the prosecutor provided facially-neutral reasons for rejecting the challenged jurors (*see, People v Payne,* 88 NY2d 172, 181; *People v Allen,* 86 NY2d 101, 109-110), the burden shifted to the defendant to demonstrate that the explanations were pretextual (*see, People v Payne, supra,* at 181). The defendant failed to sustain his burden of demonstrating that the disputed challenges were the product of purposeful discrimination (*see, People v Guzman,* 267 AD2d 471; *People v Queen,* 258 AD2d 480; *People v McDougle,* 230 AD2d 808).

The defendant's remaining contentions are without merit. S. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.