◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD FREEMAN, Appellant. [724 NYS2d 487] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 13, 1999, convicting him of robbery in the second degree and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Wade, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The complainant came home from work and found the defendant, a stranger, burglarizing his apartment. The defendant wrestled with the complainant, took the complainant's VCR, and ran out of the apartment. The complainant pursued him. The defendant was apprehended in front of the complainant's building by several civilian bystanders, who held him until the police arrived. When searched at the scene a few minutes later by the responding officers, the defendant was found to be in possession of various items of jewelry and credit cards belonging to the complainant's family, as well as the complainant's VCR.

The hearing court properly denied those branches of the defendant's motion which were to suppress identification testimony as well as the physical evidence recovered. As the suppression court correctly observed, the complainant's

identification of the defendant was not the result of a suggestive, police-arranged show-up procedure (*see, People v Baptiste,* 248 AD2d 479; *People v Rumph,* 248 AD2d 142). Moreover, the physical evidence recovered from the defendant's person was retrieved incident to his lawful arrest (*see, People v Pagan,* 184 AD2d 738; *People v Newton,* 180 AD2d 764).

Although the trial court erred in charging the jury that the defendant could be found guilty of burglary in the second degree if the jury believed that he had knowingly "entered *and remained*" (emphasis supplied) in the complainant's dwelling with the intention of committing a crime therein (Penal Law § 140.25; *see, People v Gaines,* 74 NY2d 358), the error is harmless under the circumstances of this case (*see, People v Castano,* 236 AD2d 215). The defendant testified that he was innocently knocking at the door of an apartment that he thought might belong to his friend when the door swung open, the complainant jumped him from behind, pushed him into the apartment, and began beating him up. After fighting back in self-defense, the defendant allegedly ran out of the apartment as fast as he could. Thus, according to the defendant's version of events, there was no illegal entry, no unlicensed "remaining," and no intention to commit a crime inside the complainant's dwelling. The jurors, therefore, could not have been confused by the portion of the charge on "remaining," since they would have had to either accept or reject the defendant's account in its entirety.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Friedmann, J. P., Goldstein, Feuerstein and Crane, JJ., concur.