■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL SANTOS, Appellant. [730 NYS2d 237] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered March 30, 1999, convicting him of robbery in the first degree, attempted robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in finding that the police had reasonable suspicion to stop and detain him was not adequately preserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Douglas,* 254 AD2d 367). In any event, the contention lacks merit.

Under the circumstances of this case, the hearing court did not err in finding that the police had reasonable suspicion to stop and detain the defendant. The police had a reasonable belief that the defendant had just committed at least one robbery, as well as an attempted robbery with a knife (*see, People v Martinez,* 80 NY2d 444; *People v Hollman,* 79 NY2d 181; *People v Hicks,* 68 NY2d 234; *People v Farr,* 262 AD2d 580; *People v Schollin,* 255 AD2d 465; *People v Johnson,* 102 AD2d 616). As a result of a prompt showup identification at which the defendant was positively identified as the perpetrator, which occurred while the defendant was lawfully detained, the police had probable cause to arrest the defendant.

There is no merit to the defendant's contention that the prosecutor exercised peremptory challenges against three prospective black jurors in a racially-discriminatory manner, in violation of *Batson v Kentucky* (476 US 79). After the prosecutor provided facially-neutral reasons for rejecting the challenged jurors (*see, People v Payne,* 88 NY2d 172, 181; *People v Allen,* 86 NY2d 101, 109-110; *see also, People v Richardson,* 193 AD2d 969; *People v Feliciano,* 228 AD2d 519), the burden shifted to the defendant to demonstrate that the explanations were pretextual (*see, People v Payne, supra,* at 181). The defendant failed to sustain his burden of demonstrating that the disputed challenges were the product of purposeful discrimination (*see, People v Allen,* 278 AD2d 331; *People v Guzman,* 267 AD2d 471; *People v Queen,* 258 AD2d 480; *see also, People v Sanchez,* 260 AD2d 178).

The defendant's contention that the evidence presented at trial was legally insufficient to establish that one of the complainants suffered "physical injury" within the meaning of Penal Law § 10.00 (9), is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10). In any event, contrary to the defendant's contention, there was legally sufficient evidence adduced at trial to establish that the complainant in question suffered "physical injury" within the meaning of Penal Law § 10.00 (9) (*see, People v Tejeda,* 165 AD2d 683, *affd* 78 NY2d 936; *People v Rivera,* 183 AD2d 792; *People v Jones,* 173 AD2d 359; *see also, People v Contes,* 60 NY2d 620), since, as a consequence of being stabbed by the defendant, the complainant sustained a scar on his forearm.

The defendant's remaining contentions are without merit. S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.