■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RORY HINES, Appellant. [771 NYS2d 164]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered November 29, 2000, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion in making its *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371, 374-375 [1974]). The trial court balanced the probative value of the evidence and its possible prejudice to the defendant, and considered factors such as whether the defendant was a necessary witness, the similarity of the prior crime, and the time that had elapsed between the incidents before reaching its determination to permit certain testimony concerning a prior conviction and the underlying facts if the defendant chose to testify (*see People v Hayes,* 97 NY2d 203, 208 [2002]; *People v Mattiace,* 77 NY2d 269, 274-276 [1990]; *People v Bennette,* 56 NY2d 142 [1982]; *People v Murray,* 122 AD2d 81 [1986]).

The defendant's contention that certain comments made by the prosecutor during summation constituted reversible error is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Harris,* 98 NY2d 452, 492 n 18 [2002]; *People v Gray,* 86 NY2d 10, 20-21 [1995]). In any event, the prosecutor's comments were within the bounds of permissible rhetorical comment, were a fair response to the defense counsel's summation (*see People v Galloway,* 54 NY2d 396 [1981]; *People v Ashwal,* 39 NY2d 105, 109 [1976]), or were harmless under the circumstances of this case.

The defendant failed to preserve for appellate review his challenges to the legal sufficiency of the evidence (*see People v Gray, supra* at 20-21). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to support the jury's conclusion that it was the defendant, and not another person, who shot the victim in the chest at close range, killing him. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.