■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOLMES, Appellant. [773 NYS2d 588]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered October 30, 2002, convicting him of burglary in the second degree, attempted burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

"A defendant seeking suppression of evidence has the burden of establishing standing by demonstrating a legitimate expectation of privacy in the . . . object searched" (*People v Ramirez-Portoreal,* 88 NY2d 99, 108 [1996]). Since the defendant did not have a legitimate expectation of privacy in the subject property, the Supreme Court properly concluded that he lacked standing to contest the search (*see People v Ramirez-Portoreal, supra; People v Green,* 258 AD2d 531, 532 [1999]; *People v Corbin,* 238 AD2d 437 [1997]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.