■ The People of the State of New York, Respondent, v John Hammon, Also Known as John Hammond, Appellant. [850 NYS2d 474]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 14, 2000, convicting him of burglary in the second degree (two counts) and petit larceny (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in a stolen duffel bag, and therefore he lacked standing to challenge the validity of its search (*see People v Holmes,* 5 AD3d 793, 794 [2004]; *People v Nunn,* 298 AD2d 604 [2002]; *People v Walker,* 192 AD2d 734, 735 [1993]; *People v Jaime,* 171 AD2d 884, 885 [1991]). Accordingly, the hearing court correctly declined to suppress its contents.

The defendant's claim that the evidence was legally insufficient to establish his guilt of burglary in the second degree beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Griffin,* 15 AD3d 502 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we

find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt (*see People v Washington*, 26 AD3d 400 [2006]; *People v Murray*, 168 AD2d 573, 573-574 [1990]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d at 644-645).

The defendant's contention that he was improperly adjudicated a persistent violent felony offender is without merit. Review of the constitutionality of the defendant's 1986 conviction for robbery in the first degree is precluded because the defendant did not challenge the constitutionality of that conviction at his sentencing on his 1992 convictions for, inter alia, burglary in the second degree, where he was adjudicated a second violent felony offender (*see People v Adelman*, 36 AD3d 926, 928 [2007]; *People v Lopez*, 123 AD2d 360, 361 [1986]). In addition, the defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial is unpreserved for appellate review, and in any event, is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]; *People v Adelman*, 36 AD3d at 928; *People v Thompson*, 33 AD3d 825 [2006]).

The defendant's claim that he was denied his right to the effective assistance of counsel rests on matters partially dehors the record, and to that extent, it may not be reviewed on direct appeal (*see People v Rusielewicz*, 45 AD3d 704 [2007]; *People v Gonzalez*, 44 AD3d 871, 872 [2007]). To the extent that the claim is based on matters appearing in the record, we find that the defendant's counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Petteway*, 22 AD3d 772 [2005]).

The defendant's contentions raised in Point Two of his brief, relating to the hearing court's failure to issue a written decision, and in his supplemental pro se brief, relating to the specificity of the indictment, are unpreserved for appellate review, and the remaining contentions raised in the defendant's main brief and his supplemental pro se brief, to the extent that they are not based on matters dehors the record and are thus reviewable on direct appeal, are without merit. Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.