■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE VERGES, Appellant. [991 NYS2d 766]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 13, 2011, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of two to four years, unanimously affirmed.

The court properly denied defendant's motion to suppress a knife and statements he made to the police. Police officers patrolling a New York City Housing Authority building saw defendant try to enter the building as the man in front of him, whom he did not appear to know, opened the door after being buzzed into the building. Defendant did not have a key out, and he was not seen using the buzzer system himself. Although defendant suggests that the officers approached him as he merely stood behind the other man, they actually observed him attempting to enter, in a manner inconsistent with that of a resident or invitee, and apparently without authorization.

Defendant's inability to provide the name or apartment number of the person he was purportedly visiting, or any other innocent explanation, provided probable cause to arrest him for attempted criminal trespass (*see e.g. People v Wighfall*, 55 AD3d 347 [1st Dept 2008], *lv denied* 11 NY3d 931 [2009]; *People v Hendricks*, 43 AD3d 361, 363-364 [1st Dept 2007]). Thus, the search of defendant's pocket was permitted as a search incident to a lawful arrest. The fact that the search occurred first is of no moment (*see People v Evans*, 43 NY2d 160, 166 [1977] ["It may be said that the search and arrest must constitute a single res gestae. The fact that the search precedes the formal arrest is irrelevant as long as the search and arrest are nearly simultaneous so as to constitute one event" (emphasis omitted)]). Concur—Acosta, J.P., DeGrasse, Richter, Manzanet-Daniels and Feinman, JJ.