THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANIA SHEPARD, Appellant. [29 NYS3d 485]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Delligatti, J.), rendered April 22, 2013, convicting him of burglary in the second degree, burglary in the third degree (4 counts), grand larceny in the fourth degree (5 counts), and petit larceny (10 counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Ayres, J.), after a hearing pursuant to a stipulation in lieu of motions, of the suppression of identification testimony, physical evidence, and the defendant's statements to law enforcement officials.

Ordered that the judgment is affirmed.

The evidence presented at a suppression hearing established that on the afternoon of January 31, 2012, the defendant was seen taking a cellphone from an unlocked car parked in a commercial area of Lynbrook. An employee of the car's owner observed the defendant reaching into the car, confronted the defendant, and restrained him until the police arrived, at which time he was arrested. The defendant was found to be in possession of merchandise from a nearby clothing store and car keys taken from a nearby insurance brokerage office. The defendant was taken to the local police station, where he made statements inculpating himself in connection with crimes at those three locations. He also admitted to taking part in criminal activity in recent incidents at other locations including a health club in Jericho, a music store in Baldwin, a residence in Rockville Centre, and a doctor's office in East Meadow. A security guard of a motel located next to the health club viewed a police-arranged photo array, from which he identified the defendant as a resident of the motel. Several weeks earlier, an owner of the health club had shown the security guard a photograph of the defendant, which he

captured from the health club's surveillance camera. At that time, the security guard confirmed that the person in the photograph was a resident of the motel.

The hearing court properly denied suppression of evidence regarding the police-arranged photo array and the security guard's in-court identification of the defendant, upon finding that the identification of the defendant from the photo array was merely confirmatory and not unduly suggestive (*see People v Jacobs*, 65 AD3d 594, 595 [2009]; *People v Andrews*, 30 AD3d 434, 435 [2006]; *cf. People v Coleman*, 73 AD3d 1200, 1202-1203 [2010]).

The hearing court also properly denied suppression of physical evidence seized incident to the defendant's lawful arrest (*see People v Verges*, 120 AD3d 1028, 1029 [2014]; *People v Bell*, 82 AD3d 997, 998 [2011], *mod* 21 NY3d 915 [2013]; *People v Freeman*, 283 AD2d 518 [2001]; *People v Pagan*, 184 AD2d 738 [1992]), as well as the defendant's statements to law enforcement officials which were made following the administration of *Miranda* warnings (*Miranda v Arizona*, 384 US 436 [1966]) and his knowing and voluntary waiver thereof (*see People v Petronio*, 34 AD3d 602, 604 [2006]; *People v Rushion*, 26 AD3d 448 [2006]).

The admission of evidence of prior convictions for the purpose of impeachment is within the discretion of the trial court, which must weigh the probative value of the defendant's prior crimes on the issue of credibility against the potential prejudice to the defendant (*see People v Rahman*, 46 NY2d 882, 883 [1979]; *People v Sandoval*, 34 NY2d 371, 375 [1974]; *People v Cruz*, 21 AD3d 967 [2005]; *People v Hines*, 3 AD3d 580 [2004]; *People v Williams*, 292 AD2d 474, 475 [2002]; *People v Forino*, 287 AD2d 519 [2001]). Here, the County Court's *Sandoval* ruling was a provident exercise of discretion, as the court weighed the relevant factors and struck an appropriate balance (*see People v Vetrano*, 88 AD3d 750 [2011]; *People v Clarke*, 265 AD2d 566 [1999]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was guilty of burglary in the second degree when he knowingly entered or remained unlawfully in a dwelling with intent to commit a crime therein (*see* Penal Law § 140.25 [2]; *People v Hammon*, 47 AD3d 644, 645 [2008]); that he was guilty of burglary in the third degree (4 counts) when he knowingly entered or remained unlawfully in buildings with intent to commit crimes therein (*see* Penal Law

§ 140.20; *People v Betancourt*, 68 NY2d 707 [1986]; *People v Alsaifullah*, 96 AD3d 1103 [2012]; *Matter of Tyshawn J.*, 304 AD2d 331 [2003]; *People v Shurn*, 69 AD2d 64, 68 [1979]); that he was guilty of grand larceny in the fourth degree (5 counts) when he forcibly stole property, the value of which, in each instance, exceeded $1,000, or was a credit or debit card (*see* Penal Law § 155.30 [1], [4]); and that he was guilty of petit larceny (10 counts) (*see* Penal Law § 155.25). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the credible evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Cusimano*, 47 AD3d 725 [2008]; *People v Simmons*, 31 AD3d 1051, 1053 [2006]).

The County Court providently exercised its discretion in denying the defendant's request for an adverse inference charge with respect to a surveillance video of one of the charged burglaries that was not submitted into evidence (*see People v Wallace*, 106 AD3d 1034, 1035 [2013]).

The defendant's remaining contention is without merit. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.