■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH CARTER, Appellant. [46 NYS3d 871]—

Judgment, Supreme Court, New York County (Larry R.C. Stephen, J.), rendered December 13, 2011, convicting defendant, after a nonjury trial, of unlawful possession of marijuana, and sentencing him to a fine of $25, unanimously affirmed.

The court properly denied defendant's suppression motion. Officers patrolling a New York City Housing Authority building observed that defendant unsuccessfully tried to enter the building, then waited until someone entered with a key and followed him inside. Even if this means of entry may have had innocent explanations, it provided an objective credible reason for the officers' level one inquiry as to whether defendant lived in the building (*see People v Verges*, 120 AD3d 1028 [1st Dept 2014], *lv denied* 24 NY3d 1047 [2014]). Defendant answered the officers' questions to the extent of admitting that he was not a resident of the building and maintaining that he was visiting someone. However, he refused to provide this person's name or apartment number, claiming that this might get his friend in unspecified "trouble." Under these circumstances, "the totality of the information before the officer supported a reasonable inference, for probable cause purposes, that defendant was not 'licensed or privileged' (Penal Law § 140.00 [5]) to be in a building in which he admittedly did not reside" (*People v Barksdale*, 110 AD3d 498, 499 [1st Dept 2013], *affd* 26 NY3d 139 [2015]), providing the officers with probable cause to arrest him and conduct a lawful search incident to arrest. Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.