People v Letriz (2018 NY Slip Op 00568)





People v Letriz


2018 NY Slip Op 00568


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2015-09634
 (Ind. No. 4505/14)

[*1]The People of the State of New York, respondent,
v
Jose Letriz, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Sullivan & Cromwell LLP [John P. Collins, Jr., and James Concannon], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn Laporte, J.), rendered September 21, 2015, convicting him of burglary in the third degree, petit larceny, criminal possession of stolen property in the fifth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was guilty of burglary in the third degree (see Penal Law § 140.20; People v Shepard, 138 AD3d 895, 896-897; People v Hammon, 47 AD3d 644, 645). Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt as to that crime was not against the weight of the credible evidence (see People v Romero, 7 NY3d 633, 644-645; People v Shepard, 138 AD3d at 896-897).
Contrary to the defendant's contention, the Supreme Court did not err in failing to give an intoxication charge to the jury (see Penal Law § 15.25). A defendant may establish entitlement to such a charge " if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent'" (People v Sirico, 17 NY3d 744, 745, quoting People v Rodriguez, 76 NY2d 918, 920; see People v Lynch, 92 AD3d 805, 806). Here, viewing the evidence in the light most favorable to the defendant, there was insufficient evidence to support an inference that the defendant was so intoxicated as to be unable to form the requisite criminal intent (see People v Sirico, 17 NY3d at 746; People v Gaines, 83 NY2d 925, 926-927; People v Lynch, 92 AD3d at 806).
The defendant's contentions that statements made by the prosecutor during his opening statement and summation deprived him of a fair trial are unpreserved for appellate review, since the defense failed to object to most of those comments, and, as to a comment during summation to which the defense specifically objected, the Supreme Court gave an immediate [*2]curative instruction to which the defense did not object (see People v Burkette, 153 AD3d 635, 636-637; People v Kinard, 96 AD3d 976, 977). In any event, the defendant's contentions are without merit (see People v Alphonso, 144 AD3d 1168, 1168-1169; People v Pringle, 136 AD3d 1061, 1062; People v Barber, 133 AD3d 868, 871; People v Thompson, 81 AD3d 670, 672-673, affd 22 NY3d 687).
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court