■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN JAMES SHAW, Appellant. — Appeals (1) from a judgment of the County Court of Broome County (Coutant, J.), rendered February 27, 1981, upon a verdict convicting defendant of the crimes of robbery in the first degree and attempted robbery in the first degree, and (2) by permission, from an order of the same

court, entered April 7, 1982, which denied a motion to vacate the judgment of conviction. The proof at trial established that at about 3:30 A.M. on the morning of April 15, 1980, defendant and an accomplice held up a Hess gas station attendant in the Town of Vestal, New York. Defendant pointed a handgun at the attendant and directed him to "give me everything you got". The accomplice at the same time ripped the cord from a public phone outside the station. Upon emptying his pockets and laying about $50 or $60 on the floor, the attendant was asked whether there was more money in the station. When he indicated to defendant that there was not, defendant told him to "forget it" and the two left the premises, without taking the money. Shortly thereafter, at about 4:20 A.M. that same morning, a lone 21-year-old attendant at a Hess service station located on Route 17-C in the Town of Endwell was held up by defendant and the accomplice. This time the accomplice pointed a handgun at the attendant, who was relieved of about $50 in cash and $13 worth of gasoline which was pumped into the car used by the two robbers. During the Town of Endwell robbery a shot was fired from the handgun. Also, a spent shell casing was recovered at the scene. Defendant and the accomplice were tried together but neither took the stand. Defendant asserted the affirmative defense of renunciation to the first crime and attempted to show that he was only an observer at the second. The jury found defendant guilty of attempted robbery in the first degree and robbery in the first degree. He was sentenced to 3 to 9 years and 4 to 12 years for each crime, respectively. Defendant first contends that the proof was insufficient to sustain his conviction of either crime. He argues that he voluntarily and completely abandoned the first robbery when he left the money at the attendant's feet. He also claims that he did not know that his companion was going to rob the second Hess attendant and that he did not participate in the second robbery. These contentions are without merit. There was ample direct and circumstantial evidence to sustain the convictions. As to the defense of renunciation, defendant had the burden of proof on that issue and the jury could properly refuse to accept defendant's interpretation of the evidence. Next, defendant contends that the trial court improperly denied his postjudgment motion to vacate the convictions on the ground of newly discovered evidence. The alleged newly discovered evidence was the postconviction statement of his codefendant, Michael Johnston, wherein Johnston said that defendant "had no premonition that the incident [Endwell robbery] would occur and he did not assist me in any way". This statement was offered to show that the second robbery was a spur of the moment incident, unplanned, and of which defendant had no advance knowledge. It was offered to support his affirmative defense of renunciation. In our view, the trial court properly denied this motion. Defendant submitted to the trial court as part of his motion papers a statement made by him to the police on the day of these robberies which had been ordered suppressed. In that statement, it was revealed that defendant said that he and Johnston, "decided to rob the Hess gasoline station" because "he was behind in his rent and I was behind also and we both needed money". He also admitted therein that he shared in the proceeds of the second robbery to the extent of receiving $25 from it. In the light of this evidence and the direct and circumstantial evidence presented at trial, the trial court cannot be said to have abused its discretion in denying the motion to vacate. Not only was Johnston's statement not "newly-discovered" evidence contemplated by CPL 440.10 (subd 1, par [g]), it also is not such evidence " 'as will probably change the results if a new trial is granted' " (*People v Salemi*, 309 NY 208, 215-216; *People v Santiago*, 88 AD2d 665; *People v Crandall*, 51 AD2d 841, 843). Defendant's third proposed ground for a reversal, that a new trial should be granted because the jury may have been tainted by their exposure to informa-

tion contained in the suppressed statement made by defendant and published in a newspaper article during the trial, is without merit. The trial court conducted a thorough and adequate examination of the jurors, dismissing and replacing one juror, to insure defendant a fair and untainted trial. Thus, appropriate action was taken by the trial court to determine that the jury was capable of rendering an impartial verdict and of deciding the case solely upon the proof received during the trial (*People v Rivera,* 26 NY2d 304, 307-308). Finally, defendant's claim that the sentence imposed was excessive is rejected. Accordingly, the judgment and order should be affirmed. Judgment and order affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.