THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD DOMOND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aronin, J.), rendered June 11, 1984, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 11, 1983, an off-duty police officer, John Hackett, was awakened at about 1:10 P.M. by the sounds of banging and pounding coming from the front door of his home. After hearing glass break, he peered out of his second-story bedroom window and observed two dark black males, in their "late teens, early twenties", attempting to break into his home. One wore a brown plaid jacket and the other wore a

tan jacket. Hackett telephoned for police assistance and thereafter failed to find the perpetrators around or near his home. Police Officer Peter Fusco responded to the scene, obtained the description of the perpetrators, and then responded to another unrelated radio call for assistance at a nearby location. Approximately 50 minutes after the attempted burglary, Officer Fusco was driving in an area about three quarters of a mile from Hackett's home when he observed two dark black males in their late teens walking quickly and looking over their shoulders. One of the males, later identified as the defendant, was wearing a solid tan jacket, and the other was dressed in a brown plaid jacket and hat. Officer Fusco and his partner stopped the two men, separated them and then questioned them as to why they were in the area. Both men were arrested after they gave inconsistent and unsatisfactory responses. The defendant and his accomplice were handcuffed and placed in the back seat of a radio patrol car where they were briefly detained until Officer Fusco brought Hackett from his home to the scene of the arrest. Hackett immediately recognized the men's clothing, and after further observing the pair in the back seat of the police vehicle, he stated that he recognized the defendant and his accomplice as the men who attempted to break into his home. The men were then taken out of the police car and Hackett confirmed his identification.

Contrary to the defendant's contentions on this appeal, based upon the totality of the circumstances, we find that the police had probable cause to arrest the defendant. Moreover, the showup identification procedure was not unnecessarily suggestive and conducive to irreparable mistaken identification. Also, as the procedure was conducted promptly after the commission of the crime, it was consistent with proper police work (see, People v Veal, 106 AD2d 418, 419).

We also find no merit to the defendant's claim that the trial court erred in denying his request for a charge on circumstantial evidence. The record indicates that the prosecution did not rely solely upon circumstantial evidence in presenting its case against the defendant (see, People v Jones, 111 AD2d 264, 265-266).

There is no merit to the defendant's remaining contention. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.