■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIEN K. RAMSEY, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Beldock, J.), rendered April 1, 1986, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and statements, based on its finding that the police officers had probable cause to arrest the defendant. It is well established that the justifiable scope of a police officer's conduct in any particular situation is defined by the factual circumstances known to the officer at that time (see, People v De Bour, 40 NY2d 210). At bar, the police officers clearly were justified in their initial stop and inquiry of the defendant and his companions based upon the facts known to them at the time. The officers had received a complaint of a burglary in which a video cassette recorder (VCR) had been taken earlier in the day. The officers received information from a store-owner that three men had tried to sell him a VCR in a plastic bag for a ridiculously low price, and that these three men then left the store and walked toward Ocean Avenue. Only five minutes later, the detectives saw three men walking toward Ocean Avenue, about seven blocks from the store, one of whom was carrying a VCR in a plastic bag. The officers' suspicions were justifiably elevated to a level of probable cause when they received conflicting explanations from the defendant and his codefendant as to where they had obtained the VCR, the defendant having stated that he had just purchased it from "some guy" around the corner whom he could not identify, while his codefendant stated that they had found it in a garbage can. Under the facts and circumstances known to them, the officers were clearly justified in arresting the defendant (see, People v Domond, 123 AD2d 880; People v Williamson, 107 AD2d 727). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.