■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA NEER, Appellant.—Main, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered April 26, 1984, upon a verdict convicting defendant of the crimes of manslaughter in the first degree, manslaughter in the second degree and endangering the welfare of a child.

The facts of the death of the victim in this case, defendant's four-year-old daughter, are set forth in our recent decision which affirmed the conviction of defendant's husband in connection with this homicide *(People v Neer,* 129 AD2d 829). The

sole issue for our consideration is whether the prosecutor's summation prejudiced defendant, thereby depriving her of a fair trial. Following the prosecutor's summation, the defense attorney made four specific objections to the summation. Of these four objections, only one is now presented for our review, and defendant has raised three other objections which were not raised at trial. Since these objections were not raised previously, they have not been preserved for appeal (see, CPL 470.05 [2]; *People v Priester,* 102 AD2d 942, 943), and we decline to review them in the interest of justice.

Defendant's remaining objection to the summation is that the prosecutor improperly stated to the jury that the victim's death cried out for justice. County Court recognized the impropriety of this statement as appealing to the jurors' emotions (*cf., People v Simmons,* 110 AD2d 666, 667) and instructed the jury that their duty was to consider the case in an objective and careful manner and to avoid the temptation to react emotionally to the case. Given the quantum and nature of the proof presented at trial and the fact that the court acted promptly after defense counsel's objection to remedy any prejudicial effect, we cannot say that the prosecutor's statement substantially prejudiced defendant's trial (see, *People v Wood,* 66 NY2d 374, 379-380; *People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837).

Lastly, after careful review and factual analysis of this record, we conclude that the jury verdict is supported by legally sufficient evidence and was not contrary to the weight of the evidence. Accordingly, the judgment must be affirmed.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.