■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (King, J.), rendered June 25, 1986, convicting him of burglary in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress certain pretrial identification testimony.

Ordered that the judgment is affirmed.

We find that the County Court correctly denied the defendant's motion to dismiss the indictment *(see,* CPL 190.50 [5]; 210.20 [1]) as the motion was untimely. The defendant had more than ample opportunity to express to the court his desire to testify before the Grand Jury. Nevertheless, he failed to do so until numerous other motions had been made and the defendant had declared himself ready for trial.

We also note that the showup identification at the scene of the crime approximately one-half hour after the perpetration of the crime was not unduly suggestive. "[P]rompt on-the-scene showups are generally held to be proper because, based on fresh recollections of recent events, they insure reliable

identifications of perpetrators and the prompt release of innocent suspects" *(People v Soto,* 87 AD2d 618, 619; *see also, People v Love,* 57 NY2d 1023; *People v Domond,* 123 AD2d 880, *lv denied* 69 NY2d 745) and is consistent with proper police work *(see, People v Lewis,* 123 AD2d 716, *lv denied* 69 NY2d 830).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.