■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TORRES, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Linakis, J.), both rendered July 13, 1984, convicting him of robbery in the second degree (two counts, one under each indictment), upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under indictment No. 2650/82 brings up for review the denial (Pitaro, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgments are affirmed.

We find that the loss of the minutes of the decision rendered after the suppression hearing did not deprive the defendant of his right to appellate review. The defendant has not made an appropriate showing of the nature of the issues he might have raised on appeal had the minutes been available (see, People v Glass, 43 NY2d 283).

We find unpersuasive the defendant's contention that the

police lacked probable cause to stop the automobile in which he was a passenger and to conduct a search therein. The evidence adduced at the suppression hearing indicated that while responding to the scene of the robbery, the police officers observed a vehicle which matched the description of the "getaway car" approximately 20 to 25 blocks away from the crime scene. In view of the spacial and temporal proximity of the automobile to the scene of the robbery and since the automobile was the same color and make of the car used by the robbers, with similar body damage, the police had probable cause to detain the occupants of the automobile *(see, People v White,* 117 AD2d 127, 131). The police were entitled to conduct a warrantless search of the suspects' automobile, including the trunk of the vehicle, since the police had been informed that a gun was used in the robbery *(see, People v Ellis,* 62 NY2d 393).

The defendant's contention regarding the sufficiency of his plea allocutions has not been preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636), and is, in any event, without merit *(see, People v McAllister,* 114 AD2d 910; *People v Jones,* 109 AD2d 893, *lv denied* 66 NY2d 764).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.