■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK KELLER, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 3, 1988, upon a verdict convicting defendant of the crime of robbery in the first degree.

On December 18, 1987, Andrew Allen was hitchhiking some 110 miles to his home after work on a job site as a plumber. While on State Route 17 in the Town of Kirkwood, Broome County, a car containing defendant and Vern Hall stopped for

Allen. When Allen entered the car, defendant left the front seat to sit with him in the back. Allen rebuffed what he thought was a homosexual advance, failing to realize that defendant intended to rob him. Thereafter Hall began driving erratically and eventually came to a stop on a dirt road off U.S. Route 11 near the Kirkwood Motel. The two men then robbed Allen at knifepoint and took 80 cents, which was all the money he had. During the robbery, Allen's throat was cut and he was stabbed in the leg three times. When the vehicle became stuck on railroad tracks, Allen, sensing an escape opportunity, hit both defendant and Hall on the head with a plumber's mallet taken from his tool bucket and fled to the nearby motel. Defendant and Hall also fled the scene by convincing a young couple to drive them to the City of Binghamton.

Detectives quickly located defendant and Hall in Binghamton and took them to the police station for questioning, during which defendant gave several inconsistent statements and subsequently passed out. Defendant was taken to a hospital for treatment where tests showed a blood alcohol content of .26%. Defendant was charged in an indictment with robbery in the first degree and, after trial, was convicted and sentenced as a second violent felony offender to a term of 6 to 12 years' imprisonment.

Defendant's initial contention, that he received ineffective assistance of counsel, is predicated upon the failure of his attorney to properly present a defense of lack of intent due to alcohol intoxication. We find that defendant received competent and meaningful representation by his attorney *(see, People v Baldi,* 54 NY2d 137). First, there is little merit to defendant's complaints that the physician who treated him and who tested his blood was not called as a witness. In addition, the defense of alcohol intoxication relates to defendant's intent to commit the robbery (Penal Law § 15.25; *see, People v Wilson,* 136 AD2d 800, *lv denied* 71 NY2d 974). The evidence at trial showed defendant to have been drinking prior to the robbery; however, it also shows that he was rational and his actions were deliberate *(see, People v Sargent,* 136 AD2d 869). Moreover, there was a significant interval between the robbery and the time defendant came under police observation during which defendant had access to alcohol. It was necessary for defense counsel to weigh the alcohol reading against the physician's examination and observations that he was alert and oriented, as well as the time interval. The right to counsel does not afford defendant the right to

second guess matters of trial strategy employed by counsel after a losing defense *(see, People v Aiken,* 45 NY2d 394). The record contains no suggestion that defense counsel embarked upon an inexplicably prejudicial course *(see, People v Zaborski,* 59 NY2d 863, 864-865) or that counsel proceeded in an inappropriate manner.

Defendant next argues that the conviction should be reversed because of a reference the prosecutor made during his opening remarks to a witness who was not called to testify. The rule concerning such failure to call a witness is that a defendant is not entitled to a mistrial or to a new trial absent bad faith or undue prejudice *(People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025; *see, People v Cruz,* 100 AD2d 882, 883); neither exists here. There were several valid reasons not to call this particular woman as a prosecution witness. She had changed an earlier statement made to the police to one favoring defendant. Her knowledge of the crime related solely to possible admissions made to her in a telephone conversation with defendant some two hours after the robbery and to her observations of defendant at the police station and the hospital. Moreover, defense counsel did not move for a mistrial or otherwise preserve this issue for appeal, choosing instead to request a missing witness charge. The denial of the request was proper particularly because the witness was defendant's girlfriend, who had remained outside the courtroom during the entire trial and had previously testified on defendant's behalf at the suppression hearing *(see, People v Gonzalez,* 68 NY2d 424).

Defendant also contends that defense counsel failed to object to a remark by the prosecutor during summation which impermissibly implied that it was incumbent upon defendant to present a defense. Although the issue was not preserved for appeal *(see, People v Neer,* 132 AD2d 725, 726, *lv denied* 70 NY2d 802), the subject phrase, "there isn't a shred of evidence on the record to refute", should be read in the context of the summation as responding to defense counsel's interpretation of the evidence during his closing remarks and was itself a marshalling of evidence. In that light and the entirety of the summation, and in view of County Court's clear charge on the burden of proof, we find the phrase to have been harmless.

Lastly, after careful review, we conclude that the jury verdict is fully supported by legally sufficient evidence and not contrary to the weight of the evidence. Accordingly, the judgment must be affirmed.

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.