■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Also Known as JOSE RIVERA, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (Mallon, J.), both rendered July 19, 1990, convicting him of burglary in the second degree (two counts) under Indictment No. 843/89, upon a jury verdict, and attempted burglary in the second degree under Indictment No. 1231/89, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 843/89 brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress evidence and identification testimony.

Ordered that the judgments are affirmed.

Viewing the evidence adduced at the trial under Indictment No. 843/89 in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see,* Penal Law § 140.25). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15). The People's case consisted of both circumstantial and direct evidence. Therefore, contrary to the defendant's contention, the so-called "moral certainty" standard does not apply *(see, People v Barnes,* 50 NY2d 375; *cf., People v Benzinger,* 36 NY2d 29).

The court properly declined to suppress evidence, finding that the police legally stopped the defendant. A review of the record demonstrates that the police had reasonable suspicion for stopping the defendant on the street *(see, People v Hollman,* 79 NY2d 181), and that this reasonable suspicion escalated to probable cause prior to his arrest *(see, People v Hollman, supra; People v De Bour,* 40 NY2d 210).

We similarly find without merit the defendant's contention that a witness for the People participated in an unduly suggestive showup procedure. The identification of the defendant was the product of the witness' own efforts; no police identification procedures were necessary, and none, in fact, took place *(see, People v Whisby,* 48 NY2d 834). In any event, we agree with the hearing court that the viewing which did take place was prompt, on-the-scene, and insured the reliability of the witness' identification of the defendant *(see, People v Moore,* 145 AD2d 510).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.