■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRAD BRADSHAW, Appellant. [648 NYS2d 941] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 15, 1993, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Meyerson, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertions, the court's supplemental charge on manslaughter in the second degree was a meaningful and complete response to the jury's question (see, *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847) and correctly set forth what constitutes reckless conduct under an acting in concert theory (see, *People v Licitra,* 47 NY2d 554, 558-

559). Further, the court did not err in denying the defendant's request for a missing witness charge as to Tameka Ingram, the defendant's girlfriend (*see, People v Kitching,* 78 NY2d 532, 536). The People adequately demonstrated that Ingram was not under their control (*see, People v Gonzalez,* 68 NY2d 424, 428; *People v Keller,* 175 AD2d 312). Any error committed by the prosecution in failing to properly notify the defendant of a prior lineup identification by a civilian witness was harmless in light of the otherwise overwhelming evidence that the defendant was at the scene, armed, and a participant in the events that led to the death of the victim (*see,* CPL 710.30; *People v Taylor,* 155 AD2d 630; *People v Reed,* 154 AD2d 629).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.