■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LLOYD, Appellant. [654 NYS2d 690] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J., at trial and sentencing; Brill, J., at hearing), rendered March 21, 1995, convicting him of attempted murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review, the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and the gun retrieved from his vehicle.

Ordered that the judgment is affirmed.

The police, responding to the scene of a shooting, observed the defendant and three others a block away from the scene in a vehicle that matched witnesses' descriptions of the make, color, and approximate year of manufacture of the vehicle used in the crime with a license plate number substantially similar to that given by the victim of the shooting. These factors provided the police with probable cause to detain the defendant and conduct a warrantless search of the vehicle (*see, People v Torres,* 145 AD2d 664).

In view, *inter alia,* of the temporal and spatial proximity of the apprehension of the defendant to the crime, and the prompt viewing of him by the witnesses, the identification of the defendant through the use of showups was not improper (*see, People v Riley,* 70 NY2d 523). The manner in which the showups were conducted was not unduly suggestive (*see, People v Moore,* 145 AD2d 510).

The court's supplemental instruction to the jury concerning the charge of attempted murder in the second degree did not impermissibly expand or alter the theory of the indictment (*see, People v Grega,* 72 NY2d 489; *People v Moore,* 165 AD2d 884). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.