■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE EVANS, Appellant. [682 NYS2d 411] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered October 8, 1996, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Any error regarding the People's failure to give proper notice pursuant to CPL 710.30 and the court's failure to preclude a witness's identification testimony was harmless in light of other overwhelming evidence of the defendant's guilt (see, People v Bradshaw, 232 AD2d 499; People v Bradshaw, 223 AD2d 651; People v Reed, 154 AD2d 629). The evidence included the identification testimony of the detective who observed the defendant in the commission of the offense, the identification

testimony of the complainant, and the recovery of stolen property from the defendant's person minutes after the commission of the offense.

Contrary to the defendant's contention, the showup identification made by the complainant at the crime scene only minutes after the commission of the crime was not improper (*see, People v Riley,* 70 NY2d 523; *People v Lloyd,* 236 AD2d 631). The manner in which the showup was conducted was not unduly suggestive (*see, People v Lloyd, supra,* at 632, citing *People v Moore,* 145 AD2d 510).

Further, we reject the defendant's contention that the police lacked probable cause to arrest him and that the physical evidence seized should have been suppressed. The descriptions given to police officers involved in the pursuit and arrest of the defendant, along with his spacial and temporal proximity to the crime, his appearance which matched the descriptions, and his conduct upon being approached by the police, constituted sufficient facts to justify the police conduct (*see, People v Smith,* 222 AD2d 463; *People v Alford,* 198 AD2d 364). Miller, J. P., Ritter, Copertino and Altman, JJ., concur.