■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK ALFARO, Appellant. [688 NYS2d 567] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered March 18, 1996, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The complainant testified that he was stopped in his tow truck at an intersection when the codefendant's vehicle pulled up alongside him. The codefendant, who had an unsatisfied civil judgment against the complainant's former business, cursed at him, and followed the complainant's tow truck. When the complainant stopped, the codefendant's vehicle also stopped, and the defendant and the codefendant jumped out. The complainant claims that both the defendant and the codefendant approached him and that one or both of them punched him in the face through the open window of his tow truck. During the course of the altercation, one of the complainant's attackers grabbed his neck and pulled off the gold chains he was wearing. However, the complainant could not say whether the person who grabbed the chains was the defendant or the codefendant. The complainant backed up his tow truck and fled the scene. Thereafter, he noticed that his gold chains were missing.

According to the defendant, he got out of the codefendant's car and tried to stop the altercation. After the complainant fled, the codefendant retrieved the complainant's gold medallion from the ground.

The jury's determination was against the weight of the credible evidence. From the complainant's testimony, it is apparent that his encounter with the defendant and the codefendant started out as a dispute over an unsatisfied civil judgment. During the course of the altercation that ensued, the complainant's gold chains were broken. However, an intent to steal the gold chains was not apparent. A reasonable inference from the evidence was that the codefendant broke the chains without the defendant realizing that he had done so (*see, People v West,* 195 AD2d 490, 491; *Matter of Peter J.,* 184 AD2d 511, 512).

We take this opportunity to address the clear impropriety of certain comments in the prosecutor's summation. The prosecutor repeatedly stated that the presumption of innocence was "gone" or "vanquished". The prosecutor further noted that the court would instruct the jury that the defendant had "a lot of rights", including the presumption of innocence, but the jury should consider the victim's rights. He asked the jury to infer guilt from the fact that the defendant had a lawyer at the time he surrendered to police (*see, People v Perez,* 90 AD2d 468), denigrated the defense, and implied that the defendant's guilt

could be inferred from his mere presence at the scene. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.