■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MOJICA, Appellant. [715 NYS2d 857] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered March 11, 1999, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Any error regarding the People's failure to give notice pursuant to CPL 710.30 was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230; *People v Evans,* 256 AD2d 520; *People v Bradshaw,* 232 AD2d 499).

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON MORALES, Appellant. [715 NYS2d 640] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 16, 1998, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, the trial court properly exercised its discretion in excluding certain testimony.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID NAGEL, Appellant. [715 NYS2d 858] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 12, 1999, convicting him of burglary in the second degree and attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.