■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JACKSON, Appellant. [723 NYS2d 80] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered August 18, 1997, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lewis, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The arresting officer testified at the suppression hearing that he received a radio transmission from an undercover officer indicating where a sale of a controlled substance had just occurred. The seller was described as a "dark-skinned male black, wearing a blue jacket and blue jeans" or "blue pants." Within two minutes of the radio transmission, the arresting officer and his field team arrived at the location. The arresting officer saw the defendant, who was the only person around who matched the description of the seller, approximately one block away. The fact that the defendant was wearing black pants and not blue pants as described in the radio transmission does not vitiate probable cause for the arrest. Probable cause exists despite minor discrepancies or inaccuracies in a description that is

communicated to an officer concerning a defendant's appearance (see, People v Boyd, 156 AD2d 701). Under these circumstances, given the close physical and temporal proximity to the crime scene, there was a sufficient basis for the hearing court to conclude that the arrest was based on probable cause (see, People v Jensen, 86 NY2d 248; People v Bigelow, 66 NY2d 417; People v Ramirez-Portoreal, 88 NY2d 99, 113; People v Johnson, 269 AD2d 406; People v Javier, 175 AD2d 182).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Santucci, J. P., Altman, Florio and Luciano, JJ., concur.