■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RAMIREZ, Appellant. [853 NYS2d 604]—

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from his vehicle at the time of his arrest. The hearing record demonstrates that the police possessed probable cause to believe that the defendant had been involved minutes earlier in an attempt to break into a vehicle parked at a shopping mall, and that the defendant's own vehicle could contain evidence of the crime (*see People v Hayes,* 291 AD2d 334 [2002]; *People v Jackson,* 282 AD2d 473 [2001]; *People v Evans,* 256 AD2d 520 [1998]; *People v Lloyd,* 236 AD2d 631 [1997]).

The defendant's contention that the prosecution failed to present legally sufficient evidence of his guilt of attempted grand larceny in the second degree is without merit. Contrary to the defendant's contention, the evidence was legally sufficient to establish that he intended to steal the subject vehicle. The defendant's further contention that the People failed to prove his guilt of criminal mischief in the second degree beyond a reasonable doubt is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]; *People v Dixon,* 184 AD2d 725 [1992]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621

[1983]), we find that it was legally sufficient to prove, beyond a reasonable doubt, that he caused damage exceeding $1,500 to the complainant's vehicle, and was thus guilty of criminal mischief in the second degree (*see* Penal Law § 145.10). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Skelos, J.P., Fisher, Covello and Eng, JJ., concur.