THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CHARLES BRINK, Appellant. [870 NYS2d 186]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) and attempted burglary in the second degree (§§ 110.00, 140.25 [2]). Contrary to the contention of defendant, Supreme Court properly denied the request for a mistrial that he made after he learned that some of the jurors had possibly read a newspaper article concerning his prior convictions. "[I]t has been uniformly held that the trial judge 'is required to take appropriate steps to insure that the jurors [have] not been exposed to or prejudiced by such accounts' " (*People v Rivera*, 26 NY2d 304, 307 [1970]). Here, we conclude that the court took the appropriate steps by excusing only the two jurors who indicated that they had read all or part of the article and determining that the remaining jurors were unaware of the article (*see People v Shaw*, 92 AD2d 623, 624-625 [1983]). We reject defendant's further contention that the court erred in failing to discharge an alternate juror who was substituted for one of the excused jurors and who allegedly had been asleep during the trial (*see People v Bradley*, 38 AD3d 793, 794 [2007], *lv denied* 9 NY3d 863 [2007]; *People v Martin*, 28 AD3d 583, 584 [2006], *lv denied* 7 NY3d 791 [2006]). The record establishes that "defendant did not request that the court make an inquiry of the juror, nor did he move to discharge the juror. The defendant thus demonstrated a willingness to continue to accept the juror as a trier of fact" (*People v Quinones*, 41 AD3d 868, 868 [2007], *lv denied* 9 NY3d 1008 [2007]).

Contrary to the contention of defendant, the court did not abuse its discretion in denying his request for an adjournment to enable him to secure the attendance of a witness (*see generally Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *People v Singleton*, 41 NY2d 402, 405 [1977]), inasmuch as defendant indicated in his offer of proof that the witness would testify solely with respect to collateral matters concerning the credibility of the People's witnesses (*see People v Dawson*, 249 AD2d

977, 978 [1998], *lv denied* 93 NY2d 872 [1999]; *People v Chen Liu*, 244 AD2d 352 [1997], *lv denied* 91 NY2d 924 [1998]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Gray*, 86 NY2d 10, 19 [1995]) and, contrary to his further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Johnston*, 43 AD3d 1273, 1274-1275 [2007], *lv denied* 9 NY3d 1007 [2007]; *People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]) and, in any event, that contention lacks merit (*see People v Williams*, 28 AD3d 1059, 1060-1061 [2006], *affd* 8 NY3d 854 [2007]; *People v Galloway*, 54 NY2d 396, 399 [1981]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it does not warrant reversal. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.