# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**588**

**KA 10-00187**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

              V                                MEMORANDUM AND ORDER

CHAD E. TOWSLEY, DEFENDANT-APPELLANT.

---

STEVEN J. GETMAN, OVID, FOR DEFENDANT-APPELLANT.

CHAD E. TOWSLEY, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered September 29, 2009. The judgment convicted defendant, upon a jury verdict, of arson in the third degree, criminal mischief in the second degree, criminal mischief in the third degree, criminal mischief in the fourth degree and growing of the plant known as cannabis by unlicensed persons.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, arson in the third degree (Penal Law § 150.10 [1]) in connection with a fire at the leased residence he shared with his girlfriend, and criminal mischief in the third degree (§ 145.05 [2]) in connection with an incident that is unrelated to the fire. Defendant contends that the evidence is legally insufficient to support the conviction of criminal mischief in the third degree because the People failed to establish that the value of the property that he damaged exceeded $250. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). A contractor with 20 years of experience testified that the cost of the window he purchased to replace the window destroyed by defendant was between $250 and $270 and that defendant's girlfriend paid him for the window, along with $100 for the labor involved (*see People v Butler*, 70 AD3d 1509, *lv denied* 14 NY3d 886).

We reject defendant's further contention that he was deprived of a fair trial based upon County Court's refusal to permit defendant's arson expert to testify from Texas via closed-caption television. As the Court of Appeals explained in *People v Wrotten* (14 NY3d 33, 40), "[t]elevised testimony requires a case-specific finding of necessity

[based on clear and convincing evidence]; it is an exceptional procedure to be used only in exceptional circumstances." Here, defendant contended that the medical condition of the expert necessitated the televised testimony, but defendant failed to present any medical evidence to support that contention (*cf. id.* at 37). Defendant retained a second expert who also resided in Texas, and that expert advised defense counsel during the trial that he was unable to appear in court to testify because of a medical problem. Following repeated attempts by defense counsel and the court to ascertain when the expert would be available, defense counsel advised the court that the expert would not travel to New York to testify. We note that neither of those experts opined that the fire was caused by means that were other than intentional but, rather, they opined that the People's experts failed to rule out an electrical cause and thus that the cause of the fire should have been deemed to be "undetermined."

Contrary to defendant's contention, the court did not abuse its discretion in denying his motion for a continuance to attempt to locate another expert (*see generally People v Brink*, 57 AD3d 1484, 1485-1486, *lv denied* 12 NY3d 851). The record establishes that the court had adjourned the trial for five months to enable defendant to locate an expert, and defendant conceded that he was unable to locate a local expert who was willing to testify for defendant. Thus, contrary to defendant's further contention, he was not precluded from presenting witnesses in his defense (*cf. People v Hartman*, 64 AD3d 1002, 1005-1006, *lv denied* 13 NY3d 860). Moreover, because defense counsel utilized the information contained in the reports prepared by the two experts from Texas during his cross-examination of the People's experts, we conclude that defendant was not precluded from presenting a defense (*cf. id.*). For the same reasons, we conclude that the court did not abuse its discretion in denying defendant's motion for a mistrial on the ground that his experts were unavailable to testify (*see generally People v Ortiz*, 54 NY2d 288, 292; *People v Henry*, 9 AD3d 914, *lv denied* 3 NY3d 675).

Defendant further contends that he was deprived of a fair trial because the People failed to lay a proper foundation for testimony regarding canine tracking at the scene of the fire but the court nevertheless allowed the People to present that testimony. We reject that contention. Where, as here, the People "established that the dog and his trainer had received appropriate training in [flammable liquid] detection and the dog had previously been proven to be reliable, a proper foundation [was] laid for the introduction of [that] testimony and it was properly admitted at trial" (*People v Kennedy*, 78 AD3d 1233, 1235).

We also reject defendant's contention that the court erred in refusing to suppress his statements to police. A police officer testified that he placed defendant, who was intoxicated, in the back of his patrol vehicle after defendant attempted to enter the burning dwelling. According to the officer, he had no other location to place defendant both for defendant's safety and that of the fire personnel. Defendant was not handcuffed, and the door of the patrol vehicle was open while the police and the fire investigator asked defendant merely

investigatory questions.  The court thus properly determined that defendant was not subjected to custodial interrogation (*see generally People v Paulman*, 5 NY3d 122, 129).

The sentence is not unduly harsh or severe.  We have reviewed defendant's remaining contentions, as well as those contentions raised in his pro se supplemental brief, and conclude that none requires reversal or modification of the judgment.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court