■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CICERON RIVERA, Appellant. [999 NYS2d 554]—Appeal by the defendant from a judgment of the County Court, Nassau County (Kase, J.), rendered September 27, 2012, convicting him of criminal contempt in the first degree, endangering the welfare of a child, unlawful fleeing a police officer in a motor vehicle in the third degree, and reckless driving, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that, contrary to the defendant's contention, it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of criminal contempt in the first degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to

the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006], *affd* 7 NY3d 911 [2006]).

The defendant's contention that the trial court displayed bias in its treatment of the defense is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725, 726 [2004]; *People v Rodriguez*, 111 AD3d 856, 859 [2013]; *People v Bedell*, 84 AD3d 1733, 1734 [2011]). In any event, the record does not support the defendant's claim of bias (*see People v Rodriguez*, 111 AD3d at 859; *People v Persaud*, 98 AD3d 527, 528 [2012]; *People v Argentieri*, 66 AD3d 558, 559 [2009]).

Viewing the record as a whole, the defendant was afforded meaningful representation, and, thus, was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Eng, P.J., Dillon, Chambers and Duffy, JJ., concur.