■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE E. JIMENEZ, Appellant. [50 NYS3d 435]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered June 3, 2015, convicting him of predatory sexual assault against a child, course of sexual conduct against a child in the first degree (two counts), criminal contempt in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial due to the Supreme Court's display of bias against the defense and excessive interference is unpreserved for appellate review (see CPL 470.05 [2]; People v Prado, 4 NY3d 725, 726 [2004]; People v Charleston, 56 NY2d 886, 887-888 [1982]; People v Rivera, 125 AD3d 694, 695 [2015]; People v Ojeda, 118 AD3d 919, 919 [2014]). In any event, the record does not sup-

port the defendant's claims of bias or excessive interference (*see People v Arnold*, 98 NY2d 63, 67 [2002]; *People v Rivera*, 125 AD3d at 695; *People v Melendez*, 31 AD3d 186, 197 [2006]).

The defendant's contentions that the Supreme Court's limitation of his cross-examination of the prosecution's witnesses and preclusion of his sister as a defense witness deprived him of his constitutional right to present a defense are unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v May*, 138 AD3d 1024, 1026 [2016]; *People v Frazier*, 125 AD3d 551, 551 [2015]; *People v Caldwell*, 115 AD3d 870, 870 [2014]; *People v Strzelecki*, 108 AD3d 644, 645 [2013]).

The defendant's contention that the Supreme Court deprived him of his constitutional right to present a defense by denying his application to allow a defense expert to testify via Skype is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the court did not improvidently exercise its discretion, as the defendant did not demonstrate necessity (*see People v Wrotten*, 14 NY3d 33, 40 [2009]; *People v Towsley*, 85 AD3d 1549, 1550 [2011]).

The defendant also failed to preserve for appellate review his contention that testimony from the mother of one of the complainants as to that complainant's disclosure of sexual abuse constituted improper bolstering (*see* CPL 470.05 [2]; *People v Tucker*, 117 AD3d 1090, 1090 [2014]; *People v Batista*, 92 AD3d 793, 793 [2012]). In any event, the Supreme Court properly admitted the testimony, as " 'nonspecific testimony about [a] child-victim's reports of sexual abuse [does] not constitute improper bolstering [when] offered for the relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to the defendant's arrest' " (*People v Ludwig*, 24 NY3d 221, 231 [2014], quoting *People v Rosario*, 100 AD3d 660, 661 [2012]; *see People v Gross*, 26 NY3d 689, 694-695 [2016]; *People v Cullen*, 24 NY3d 1014, 1016 [2014]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference

to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.