People v James (2019 NY Slip Op 05150)





People v James


2019 NY Slip Op 05150


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-04849
 (Ind. No. 4645/13)

[*1]The People of the State of New York, respondent,
v
Quindell James, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel M. Goldberg, J.), rendered May 28, 2015, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On May 29, 2013, Police Officer Douglas Graham and his partner were flagged down by an individual who reported that he had been robbed. The complainant stated that the perpetrators were three black men, one of whom was heavyset, and that one of the men had a gun. The complainant informed the police officers that the men had fled in a green minivan traveling eastbound on Kosciusko Street. The complainant got inside the police car, and Officer Graham transmitted by radio that there had been a robbery and provided the description of the perpetrators given by the complainant. After receiving the transmission, Police Officer Carlos Colon and his partner saw a green minivan traveling eastbound on Kosciusko Street. The officers followed the minivan, which eventually stopped at 66 Patchen Avenue. The officers observed the front seat passenger, a heavyset black man, exit the vehicle. Officer Colon approached that individual with his gun drawn and handcuffed him. Officer Colon then assisted other officers, who had just arrived at the scene, in removing the two remaining occupants, including the defendant, from the minivan. About a minute later, Officer Graham arrived with the complainant, who positively identified the three men as the perpetrators. Officer Graham then approached the minivan and observed a firearm between the front seats. Following a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree. The defendant appeals.
The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the minivan at the time of the arrest. The description of the minivan and the occupants, along with the information that it was traveling eastbound on Kosciusko Street, precisely where Officer Colon and his partner found it moments after receiving the radio transmission, provided probable cause to search the minivan for a gun pursuant to the automobile exception (see People v Ramirez, 49 AD3d 667, 667; People v Hayes, 291 AD2d [*2]334, 335; People v Lloyd, 236 AD2d 631, 631; People v Torres, 145 AD2d 664, 665).
The defendant's contention that the Supreme Court failed to conduct a sufficient inquiry before excusing potential jurors based upon hardship is without merit (see People v King, 144 AD3d 1176, 1176; People v Morrow, 143 AD3d 919, 919-920; People v Flores, 143 AD3d 840, 841; People v Bristol, 140 AD3d 781, 781-782; People v Joseph, 135 AD3d 876, 876; People v Umana, 76 AD3d 1111, 1112; People v Toussaint, 40 AD3d 1017, 1018).
The defendant's further contention that he was deprived of a fair trial due to the Supreme Court's display of bias against the defense and the court's excessive interference in the questioning of witnesses is unpreserved for appellate review (see People v Charleston, 56 NY2d 886, 887; People v Jiminez, 148 AD3d 1054, 1054; People v Rivera, 125 AD3d 694, 694; People v Royster, 43 AD3d 758, 760; People v Martinez, 35 AD3d 156, 156), and we decline to reach this issue in the exercise of our interest of justice jurisdiction.
The defendant contends that the Supreme Court violated his Sixth Amendment right to confrontation by admitting the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Webb, 163 AD3d 880, 881; People v Fermin, 150 AD3d 876, 880; People v Castro, 149 AD3d 862, 865; People v Abuziyad, 136 AD3d 837, 838), and we decline to reach this issue in the exercise of our interest of justice jurisdiction.
We agree with the defendant that the Supreme Court should not have admitted into evidence a statement the defendant made to his mother, during a recorded telephone call, that involved him invoking his right to counsel. During the telephone call, the defendant stated that, with the assistance of an attorney, he could "get around" the fact that he had touched the gun earlier in the day. The court initially ruled that this statement was inadmissible. However, during a pretrial proceeding, the People argued that this statement should be admitted, as it demonstrated the defendant's consciousness of guilt. Over the defendant's objection that this statement was inadmissible since it revealed his decision to engage legal representation, the court permitted its introduction into evidence. "It has long been the rule in this State that, once a criminal proceeding has formally commenced, the accused has an absolute constitutional and statutory right to the assistance of counsel at every stage of the proceeding" (People v Al-Kanani, 26 NY2d 473, 475). Accordingly, evidence which has the jury infer guilt from the fact that a criminal defendant exercised his or her right to counsel should not be admitted (see People v Alfaro, 260 AD2d 495, 496-497). Here, the admission of this statement was an improper infringement on the defendant's exercise of his right to counsel (see People v Al-Kanani, 26 NY2d at 475; People v Suero, 159 AD3d 656, 656; People v Alfaro, 260 AD2d at 496-497; People v Collins, 140 AD2d 186, 186-190; People v Perez, 90 AD2d 468, 469). However, under the circumstances of this case, the error in admitting the statement was harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237; People v Suero, 159 AD3d at 656; People v Douglas, 149 AD2d 613, 613).
The defendant's further contention that he was deprived of a fair trial due to the prosecutor's summation is without merit. The challenged statements were fair comment on the evidence (see People v Mamadou, 129 AD3d 993, 994; People v Hawley, 112 AD3d 968, 969), or a fair response to the arguments raised during defense counsel's summation (see People v Hawley, 112 AD3d at 969; People v McHarris, 297 AD2d 824, 824). While it was improper for the prosecutor to state that, but for the police work, "this gun would still be on the streets today," the Supreme Court promptly instructed the jury to disregard that comment (see People v Baker, 14 NY3d 266, 274).
The defendant's remaining contention, that the Supreme Court erred in denying his motion for a protective order prohibiting his DNA from being uploaded into the statewide database for review and comparison, is not reviewable on this appeal, as the court's denial of that motion was not part of the conviction or sentence comprising the judgment and does not come up for review on the appeal from the judgment (see CPL 1.20[15]; 450.10; cf. People v Smith, 15 NY3d 669, 673-674).
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court