People v N.P. (2024 NY Slip Op 50658(U))

[*1]

People v N.P.

2024 NY Slip Op 50658(U)

Decided on June 4, 2024

Supreme Court, Erie County

Boller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 4, 2024
Supreme Court, Erie County

The People of the State of New York

against
N.P., Defendant

Indictment No. 97-2759-001

Michael J. Keane
Acting District Attorney, Erie County
Harmony A. Healy, A.D.A.
for the people
Alexandra Harrington, Esq.,
for defendant

M. William Boller, J.

The defendant has filed a motion pursuant to CPL. §440.47 seeking re-sentencing under the Domestic Violence Survivor's Justice Act. On April 30, 2024, the parties appeared before this Court for a status conference and to schedule a hearing date. During the course of the conference, an issue over the availability of two potential defense witnesses arose. The defense indicated they intend to call two witnesses, Josh Powers and Ashley Jarmack, who do not reside in New York and requested the Court allow these two witnesses testify remotely via two-way television. The defense has argued that Josh Powers resides in Ohio and owns and operates a moving company which requires him to travel throughout the country. The defense has also argued that Ashley Jarmack lives in California and that traveling to New York would be an undue burden and financial hardship.
On May 21, 2024, the People filed a motion seeking to preclude the defense from offering remote testimony of these two witnesses. The defense filed an affirmation in response on May 29, 2024. The People argue the defense has failed to meet the clear and convincing standard that such an extraordinary exception should apply. The defense argued the People's opposition is untimely and the Court has discretion to set procedures for its hearings. 
First, the defense has argued that the People's opposition to the remote testimony is untimely. Specifically, the defendant argues the object must be made at the time of the ruling, the People did not initially object to the defense's stated reasons for requesting the remote testimony and the People did not provide any applicable statute precluding remote testimony. To [*2]note, the first time this issue was raised was during the status conference on April 30, 2024. At that time, the defense made an oral motion to allow the two witnesses to testify remotely. The defense cited Judiciary Law §2-b as well as People v Wrotten. The Court did state that, "I will certainly let the People look into this (remote testimony) and if you find a problem, notify the Court and opposing counsel." (Status Conference Transcript, April 30, 2024, Page 4). The People did so by filing their motion on May 21, 2024. The Court will therefore consider the arguments of both parties as to whether the burden to allow remote testimony has been met.
Both parties in this case cite to People v Wrotten, 14 NY3d 33. The Court in Wrotten held that "the court's inherent powers and Judiciary Law §2-b vest it with the authority to fashion a procedure such as the one employed here." Further, "the Constitution permits the courts latitude to adopt procedures consistent with general practice as provided by statute," and "the Legislature has explicitly authorized the courts' use of innovative procedures where necessary to carry into effect the powers and jurisdiction possessed by the Court. Thus, as we have acknowledged, courts may fashion necessary procedures consistent with constitutional, statutory, and decisional law."
In Wrotten, the witness in question was described as, "85 years old, frail, unsteady on his feet, and with a history of coronary disease- could not travel to New York without endangering his health." The court further required the moving party, in this case the People, to demonstrate the witness was unavailable and a hearing was held. The Court ultimately determined in this circumstance, the People met their burden. The Court did, however, state. "Live televised testimony is certainly not the equivalent of in-person testimony, and the decision to excuse a witness's presence in the courtroom should be weighed carefully. Televised testimony requires a case-specific finding of necessity; it is an exception procedure to be used only in exceptional circumstance." 
In People v Depalo, 60 Misc 3d 267, the Court, citing Wrotten, wrote, "What the defense seems to overlook is that televised testimony requires a case-specific finding of necessity; it is an exceptional procedure to be used only in exceptional circumstances." The Court in Depalo went on to state, "Choosing not to travel to New York so as not to disrupt his new job or taint his reputation is not the type of exceptional circumstance the Court of Appeals contemplated when it ruled that a court may authorize a witness to testify via live, two-way video." 
The issue is also addressed in People v Smith, 82 Misc 3d 548. In this case, the Court cited to both Wrotten and the Pandemic Practice Working Group's report, stating,
"While virtual courtroom can provide efficient, accessible forums, they are not the same as in-person proceedings and may not be a viable or appropriate substitute in some situations" (Memorandum from Honorable Joseph A. Zayas, the Chief Administrative Judge, and the Honorable Norman St. George, First Deputy Chief Administrative Judge [November 26, 2023](on file with author)). Therefore, the decision to allow virtual testimony requires a "case-specific finding of necessity; it is an exceptional procedure to be used only in exceptional circumstances" and "the decision to excuse a witness's presence in the courtroom should be weighed carefully" (People v. Wrotten, 14 NY3d 33, 40, 896 N.Y.S.2d 711, 923 N.E.2d 1099 [2009]...the guidelines recommend that arguments of motions on felonies, evidentiary hearings, and sentences on felonies, should [*3]be conducted in-person (Report at app. C). The report also provides a non-exclusive list of factors for Judges to consider when determining if a proceeding generally recommended to be conducted in-person can be handled virtually. These factors include: where all parties consent to proceeding virtually; where the health of one of the parties would be jeopardized by an in-person proceedings; where a disability of one of the parties "presents a serious impediment to an in-person appearance;" where an in-person appearance would "present a serious hardship" to one of the parties; and where an in-person appearance would "present serious safety concerns" to one or more of the parties."
The Smith case also concerns a resenting hearing pursuant to CPL §440.47. Ultimately, the Court in Smith, held that, "Under the particular circumstance of this case, a post felony conviction evidentiary hearing where the statute specifically permits reliable hearsay testimony... and taking into consideration all of the factors and recommendations discussed supra, including the People's opposition to the application, the Court finds that the defense has failed to establish an exception circumstance or necessity to warrant this exception procedure." 
Finally, in People v Towsley, 85 AD3d 1549, the Fourth Department rejected "the defendant's contention that he was deprived of a fair trial based upon County Court's refusal to permit defendant's arson expert to testify from Texas via closed-caption television." The Court held that the, "defendant contended that the medical condition of the expert necessitated the televised testimony, but defendant failed to present any medical evidence to support that contention." The Fourth Department seemingly added language that the case specific finding of necessity be based on clear and convincing evidence.
See also People v Jimenez, 148 AD3d 1054 (Court did not improvidently exercise its discretion, as the defendant did not demonstrate necessity), People v Giurdanella, 144 AD3d 479 (witness unable to return to New York from Egypt due to legal requirement of serving in Egyptian military), People v Razzoli, 71 Misc 3d 133(A) (Defendant did not demonstrate necessity for this extraordinary procedure).
The standard established in the case law is that the use of remote televised testimony is an exceptional procedure to be used only in exception circumstances. This is a case specific determination and the moving party must demonstrate the necessity by clear and convincing evidence.
In this case, the defense has requested the Court allow televised testimony of two witnesses. The grounds for the first witness, Josh Powers, is that he lives out of state and there would be a disruption to his employment. The grounds for the second witness, Ashley Jarmack is this would be an undue burden and financial hardship. While there is not a statutory, or even case law derived procedure (i.e., affidavit, hearing), in which the moving party must establish the necessity, in this case, the oral application and subsequent attorney affidavit do not outline any "exceptional circumstances" which would allow this Court to grant the application. Neither the potential hardship of traveling from out of state, or in the case of Josh Power, missing work, rise to the exceptional circumstance" necessitating the televised testimony. If the defense has additional information to support their application, the Court will consider whether the burden has been met by clear and convincing evidence.
Therefore, the defendant's motion for the two above-named witnesses to testify via remote television is DENIED. 
HON. M. WILLIAM BOLLER
A.J.S.C.
DATED: June 4, 2024
BUFFALO, NEW YORK